83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gustavo CARDOZA-CASTRO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70287.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gustavo Cardoza-Castro, a native and citizen of Nicaragua, petitions for review a decision of the Board of Immigration Appeals ("BIA") affirming the decision of the immigration judge ("IJ") denying his application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Asylum applicants must establish a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the alien to meet this standard. See 8 C.F.R. § 208.13.
 
 
 4
 Cardoza-Castro testified that he left Nicaragua because he feared "reprisals" by the Sandinista army due to his desertion from the military. Cardoza-Castro held the rank of second lieutenant in the army. He testified that while he did not directly express his political opposition to the Sandinista political party during his service, he did indicate to his superiors that he did not wish to continue serving. As a result, the Sandinistas threatened him and also told him that his family would be harmed if he deserted. Cardoza-Castro testified that he was aware of two fellow offices who had been killed by the military because of their desertion. He also testified that he has witnessed the torture of various opponent of the Sandinista regime, and that he was required to view these tortures as warnings of what could happen to him if he were to desert the army.
 
 
 5
 In his written asylum application, Cardoza-Castro stated that he had been detained by the Sandinistas for one month. The circumstances of this detention were not elaborated on at the deportation hearing.
 
 
 6
 Following Cardoza-Castro's desertion from the army, he went to Honduras and was interned in a refugee camp for a certain period of time. During his internment, he was frequently interviewed by members of the press and media and he expressed his outspoken opposition to the Sandinista military. Cardoza-Castro testified that he fears returning to Nicaragua because he believes that members of the military in Nicaragua will seek to harm or kill him because of his desertion and because he has knowledge of the whereabouts of weapons that were secretly hidden by the Sandinista military. Cardoza-Castro's family remains in Nicaragua and has not been harmed since his desertion in 1985.
 
 
 7
 Substantial evidence supported the BIA's finding that Cardoza-Castro did not establish a well-founded fear of persecution. First, sovereign nations have a right to require military service and to punish individuals for avoidance of military service. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991). Cardoza-Castro has failed to establish that the Sandinistas ever believed that his desire not to continue serving in the military was the result of his political beliefs. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Second, Cardoza-Castro has failed to present any evidence that would establish a threat of future persecution in light of the current government's declaration of general amnesty for military deserters. See Hernandez-Ortiz v. INS, 777 F.2d 509, 513 (9th Cir.1985) (finding conditions in applicant's homeland relevant to determining likelihood of future persecution). His claim of persecution is further undermined by the fact that his family peacefully continues to reside in Nicaragua. See Cuadras v. INS, 910 F.2d 567, 561 (9th Cir.1990) (finding asylum claim undercut by families' continued safety). Finally, we agree with the IJ's conclusion that Cardoza-Castro's fear of reprisal as a result of his knowledge of military secrets is too attenuated. As the IJ noted, any secrets of which respondent was aware of were disclosed to him in 1980. The situation in Nicaragua has changed substantially since that time.
 
 
 8
 We reject Cardoza-Castro contention that he is entitled to asylum based on a claim of past persecution. Cardoza-Castro's case is not comparable to other cases involving "atrocious forms of persecution" in which this court has found past persecution and upheld the grant of asylum on humanitarian grounds. See Acewicz, 984 F.2d at 1061.
 
 
 9
 Because Cardoza-Castro failed to demonstrate a well-founded fear of persecution he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See id. at 1062.
 
 
 10
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3